# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT



David Robert Thomas
    Plaintiff

Case No.: (to be assigned)

3:19cv 758 (VAB)

vs.

Date: May 9, 2019

Virginia Brasher-Cunningham
    Individually and as Minister of the
    First Congregational Church of Guilford
        Defendant

Stephen Dudley
    Individually and as Chairperson of the
    Church Council of the First Congregational
    Church of Guilford
        Defendant

Debora M. Hess
        Defendant

Sarah Beers
    Individually and as Co-Chairperson of the
    Board of Deacons of the First Congregational
    Church of Guilford
        Defendant

Jean Gresham
    Individually and as Co-Chairperson of the
    Board of Deacons of the First Congregational
    Church of Guilford
        Defendant

First Congregational Church of Guilford
        Defendant

The National Conference of the United Church of Christ
        Defendant

The Connecticut Conference of the United Church of Christ
        Defendant

The Members of the First Congregational Church of Guilford
        Defendants

The Police Department of the Town of Guilford, Connecticut
        Defendant

## JURISDICTION IS BASED ON THE FIRST AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES

## COMPLAINT

### FIRST COUNT:

1. The Plaintiff is a resident of the State of Connecticut and a US Citizen and is and has been a Member of First Congregational Church of Guilford since 1999;

2. First Congregational Church of Guilford is a Connecticut Congregational Church owned and operated by its Members and associated with the United Church of Christ;

3. First Congregational Church of Guilford is administrated by its Members where all decisions are made by a majority vote of the Members;

4. An individual becomes a Member of First Congregational Church of Guilford by agreeing to follow the terms and conditions of Membership as stated in the By-Laws and by taking a Membership Pledge in front of the Congregation:

5.   Virginia Brasher-Cunningham is the Minister of First Congregational Church of Guilford and has been since July 2015;

6.   The Defendant Virginia Brasher-Cunningham demanded that the Plaintiff no longer attend the First Congregational Church of Guilford and threatened the Plaintiff that if the Plaintiff attended Church the Defendant Virginia Brasher-Cunningham would make a Posting prohibiting the Plaintiff from attending the First Congregational Church of Guilford, and that the Police Department of the Town of Guilford were called and would be called again in the future to insist that the Plaintiff be charged with trespassing and an associated charge of attempting to harass another Member of the First Congregational Church of Guilford, when the only action taken by the Plaintiff was to attend a Sunday Service;

7.   On March 20, 2019, the Defendants Virginia (as "Ginger") Brasher-Cunningham as Minister and Stephen Dudley as Chair of the Church Council, executed and had served upon the Plaintiff a "Posting and Prevention of Entry and Warning Against Trespass on Property of First Congregational Church, Inc. of Guilford";

8.   The reasoning for the "Posting" was "Certain email and personal exchanges from you with Members of the Congregation have been determined to be unacceptable behaviors", however, the Defendants Virginia Brasher-Cunningham and Stephen Dudley have no right to be intrusive in a personal matter of the Plaintiff which has nothing to do with First Congregational Church of Guilford;

9.   The only emails were personal emails between the Plaintiff and the Plaintiff's ex-wife, the Defendant Debora M. Hess, regarding continuing issues in

a divorce of which the Defendants Virginia Brasher-Cunningham and Stephen

Dudley in reading the emails have violated the Plaintiff's First Amendment

Rights of the Constitution of the United States to Privacy and the only "personal

exchanges" that the Plaintiff had was with one Member of the Congregation not

"Members" which were exchanges in the Court of the Superior Court for the

Judicial District of New Haven at New Haven with the Plaintiff's ex-wife

Debora M. Hess, in regard to remaining issues of Divorce, which were

not unacceptable behaviors, and the alleged "personal exchange", which involved

hand-holding, kissing, and playing with the hair of the Defendant Debora M. Hess,

by the Plaintiff all of which were not unacceptable behaviors and in which the

Defendant Debora M. Hess voluntarily participated;

10.  One of the purposes of the Post was to insure that the Plaintiff not interfere

with or be a further witness to the personal and intimate relationship that the

Defendant Virginia Brasher-Cunningham has instituted, developed, and coerced

through an authoritarian and motherly existence with the Defendant Debora M. Hess

which can be viewed as tantamount to the behavior of the Catholic Priests;

11.  Through the actions of the Post by the Defendant Stephen Dudley, individually and

as the Chairperson of the Church Council of First Congregational Church of

Guilford, the Defendant Stephen Dudley has violated the Plaintiff's Rights pursuant

to the First and Fourteenth Amendments to the Constitution of the United States,

28 USC 4101 of the Federal Code, Article First Section 3 of the Constitution of the

State of Connecticut, and CGS 52-237 of the General Statutes of the State of

Connecticut.

12. Through the action of the "Posting" by the Defendants Virginia Brasher-Cunningham individually and as Minister and Stephen Dudley individually and as Chairperson of the Church Council both of First Congregational Church of Guilford have violated the Plaintiff's rights pursuant to the First and Fourteenth Amendments to the Constitution of the United States, 28 USC 4101 of the Federal Code, Article First Section 3 of the Constitution of the State of Connecticut, and CGS 52-237 of the General Statutes of the State of Connecticut;

13. The actions of the Defendants Virginia Brasher-Cunningham and Stephen Dudley were and are in violation of the Plaintiff's right to practice the Plaintiff's religion, the right to attend the Church of Plaintiff's choosing especially the Church where the Plaintiff is a Member, or not, and the Plaintiff's right not to be interfered with when practicing the Plaintiff's religion, all of which are provided for in the First and Fourteenth Amendments to the Constitution of the United States, 28 USC 4101 of the Federal Code, Article First Section 3 of the Constitution of the State of Connecticut, and CGS 52-237 of the General Statutes of the State of Connecticut;

14. The "Posting" by the Defendants Virginia Brasher-Cunningham and Stephen Dudley was totally fraudulent and of no legal effect as the "Posting" was executed by "Ginger Brasher-Cunningham" which is not the Defendant Virginia Brasher-Cunningham's legal name;

15. There was never a full Member vote on the "Behavioral Covenant" or on the "Resolution on Adherence to the Behavioral Covenant";

16. The actions, verbal and written of the Defendant Virginia Brasher-Cunningham are the result of an inappropriate, secretive, controlling, demanding, emotional, disturbing

intimate relationship with the Plaintiff's ex-wife, the Defendant, Debora M. Hess;

17. The actions, of the Defendant, Virginia Brasher-Cunningham, are a result of the Plaintiff having filed Formal Complaints with the National Conference of the United Church of Christ and the Connecticut Conference of the United Church of Christ for the removal of the Defendant Virginia Brasher-Cunningham, as the Minister of First Congregational Church of Guilford and from the United Church of Christ for which the Defendant Virginia Brasher-Cunningham seeks deep and hurtful revenge and removal of the Plaintiff from First Congregational Church of Guilford;

18. The intentional posting of the Post against the Plaintiff by the Defendants, Virginia Brasher-Cunningham and Stephen Dudley, was for the purposes of removing the Plaintiff from First Congregational Church of Guilford, to cause the Plaintiff's Complaints against the Defendant Virginia Brasher-Cunningham to become moot, to impose punishment upon the Plaintiff for filing the Complaints, and to prevent the Plaintiff from interfering with the Defendant, Debora M. Hess' plans in the Church in the near future;

19. The posting of the Post of the Plaintiff by the Defendants, Virginia Brasher-Cunningham and Stephen Dudley was libel, slander, and defamation.

**SECOND COUNT:**

1. Paragraphs 1 through 6, inclusive, of the First Count are hereby made Paragraphs 1 through 6, inclusive, of this the Second Count by this incorporation;

7. In anticipation of the Plaintiff at the next Sunday Service at First Congregational Church of Guilford, the Defendant, Minister Virginia Brasher-Cunningham, for the purposes of creating legal problems for the Plaintiff, revengefully proceeded to file

a false Police Report and a false request for surveillance contrary to the laws of the State of Connecticut and further made serious and fraudulent accusations against the Plaintiff to the Guilford Police Department which was libel, slander and defamation;

8.  The accusations to the Guilford Police Department by the Defendant, Virginia Brasher-Cunningham were completely unfounded as all the Plaintiff did the previous week was to attend the Sunday Service, spoke to no-one, and left the premises;

9.  Upon receiving the accusations from the Defendant, Virginia Brasher-Cunningham, the Guilford Police Department dispatched a Police Officer who was stationed outside of the First Congregational Church of Guilford while the Plaintiff attended the Sunday Service;

10. The Guilford Police Department intentionally failed and intentionally refused to perform a legally appropriate, permissible, and adequate investigation of the truth of the accusations and allegations of the Defendant and Lead Minister, Virginia Brasher-Cunningham prior to taking action;

11. The Guilford Police Department failed in its duty to the Public by acting unnecessary and impulsively contrary to the oaths of the Police Officers and Department of Police of the Town of Guilford;

12. The Guilford Police Department did not have a warrant or order from the Chief States Attorney to conduct a surveillance nor did it have a situation of exigent circumstance upon which to take action against the Plaintiff, a private citizen attending a Sunday Church Service;

13. As a result of the actions of the Guilford Police Department the Plaintiff's actions have been called into question by the Plaintiff's Parole Officer who was required to

conduct an investigation;

14. All of the actions, communications with the Plaintiff's Parole Officer, accusations, and reports created by the Guilford Police Department in regard to the Plaintiff were illegal, libelous, slanderous, defamatory, and were and are tantamount to Police emotional brutality;

15. As the Chief and Officer in charge of the Guilford Police Department, Officer Jeff Hutchinson, is personally and individually responsible for the Officer's actions who responded to the First Congregational Church of Guilford in regard to the Plaintiff without properly and legally investigating the situation;

16. As the Chief and Officer in charge of the Guilford Police Department, Officer Jeff Hutchinson, is personally and individually responsible for the Officer's actions who responded to the First Congregational Church of Guilford in regard to the Plaintiff without having supplied the responding Officers with adequate training for evaluation in such a situation;

17. As the Chief and Officer in charge of the Guilford Police Department, Officer Jeff Hutchinson, is personally and individually responsible for the Officer's actions who responded to the First Congregational Church of Guilford in regard to the Plaintiff on the Chief's orders without properly and legally investigating the situation;

## THIRD COUNT:

1. The Plaintiff and the Defendant, Debora M. Hess were married in the First Congregational Church of Guilford on April 29, 2000;

2. At the time of the marriage both the Plaintiff and the Defendant Debora M. Hess were Members of the First Congregational Church of Guilford;

3.  From 2000 to 2015, the Plaintiff volunteered and served First Congregational Church of Guilford as a Sunday School Teacher, as a Member of the Board of Christian Education, as Chairperson of the Board of Christian Education, as a Member of the Human Resources Committee, as a Mentor for two Confirmands, as a Member of the Search Committee for a Director of Children and Families Ministry, and as a Member of the Church Council;

4.  The Plaintiff was absent from First Congregational Church of Guilford from June 24, 2015 until March 2019;

5.  In November of 2016, the Defendant, Debora M. Hess initiated an action for the Dissolution of the Marriage of the Plaintiff and the Defendant, Debora M. Hess;

6.  During the proceedings of the action for the Dissolution of the Marriage of the Plaintiff and the Defendant, Debora M. Hess, the Defendant, Debora M. Hess, admitted in writing that the Defendant, Debora M. Hess, never intended nor desired to marry the Plaintiff and did not take the Defendant's, Debora M. Hess', wedding vows of the Defendant's, Debora M. Hess' own free will and without reservation although in the wedding ceremony held at First Congregational Church of Guilford the Defendant, Debora M. Hess, stated that the Defendant, Debora M. Hess, was taking the wedding vows of the Defendant, Debora M. Hess', of the Defendant's, Debora M. Hess', own free will and without reservation;

7.  As the Defendant, Debora M. Hess, lied to the Minister conducting the wedding ceremony about the wedding vows, the Defendant, Debora M. Hess, convincingly has devised a plan wherein the Defendant, Debora M. Hess, having gotten away with lying about the wedding vows, can, has, and does continue to lie to First

Congregational Church of Guilford, the Minister(s) of First Congregational Church of Guilford about the Plaintiff;

8.  As such, the Defendant Debora M. Hess has lied about the Plaintiff in all manner of things not limited to verbal statements and written statements with the full intent to get the Minister(s) of First Congregational Church of Guilford, the Church Council and the Chairperson of the Church Council of First Congregational Church of Guilford, and all of the Members of First Congregational Church of Guilford to enter into devious actions to remove and eliminate the Plaintiff from First Congregational Church of Guilford;

9.  The lies about the Plaintiff by the Defendant Debora M. Hess are untrue and are libel, slander, and defamation against the Plaintiff;

10. As of the date of this Complaint, the Plaintiff and the Defendant, are still involved in litigation in an attempt to resolve open issues;

11. The Defendant Debora M. Hess, utilizes the litigation to lie that the Plaintiff is harassing the Defendant Debora M. Hess by continuing the litigation but the lies are libel, slander, and defamation and has convinced the Defendant Virginia Brasher-Cunningham and the Defendant Stephen Dudley that the Plaintiff should be removed from First Congregational Church of Guilford;

12. During the Plaintiff's absence from First Congregational Church of Guilford, the Defendant Debora M. Hess lied about the Plaintiff to deceive the Members of First Congregational Church of Guilford so as to allow the Defendant Debora M. Hess to become involved on Committees and Boards with the intent to become a martyr and where the Defendant Debora M. Hess further libeled, slandered, and

defamed the Plaintiff and misrepresented and lied continuously in regard to the Plaintiff

so that when the Plaintiff appeared at First Congregational Church of Guilford to attend

the Sunday Service and pray to the Plaintiff's God, the Plaintiff would not be

welcomed, which was the intended result.

13. The actions and statements of the Defendant Debora M. Hess, in regards to the

Plaintiff caused and resulted in Plaintiff's removal from First Congregational Church

of Guilford and as a result the Defendant Debora M. Hess violated the Plaintiff's rights

under the First and Fourteenth Amendments to the Constitution of the United States,

Article First Section 3 of the Constitution of the State of Connecticut, 28 USC 410-1 of

the Federal Code, and CGS 52-237 of the General Statutes of Connecticut.

## FOURTH COUNT:

1. The Defendant, Sarah Beers, individually and as Co-Chairperson of the Board of

Deacons of First Congregational Church of Guilford, is responsible for the actions of

the Minister Virginia Brasher-Cunningham;

2. The Defendant, Jean Gresham, individually and as Co-Chairperson of the Board of

Deacons of first Congregational Church of Guilford is responsible for the actions of

the Minister Virginia Brasher-Cunningham of First Congregational Church of

Guilford;

3. Paragraphs 1 through 19, inclusive, of the First Count are hereby made Paragraphs 4

through 22, inclusive, of this the Fourth Count;

23. In Article IX, Section 2, Subsection b (4) of the By-Laws of First Congregational

Church of Guilford it states: "In carrying out these general duties, the Deacons shall: "Remove from Membership, after reasonable notice, any person who has ceased to conform to the conditions of Membership under Article V of the Constitution" so therefore, pursuant to the By-Laws of First Congregational Church of Guilford' only Board of Deacons can remove a Member;

24.   Article V of the By-Laws of First Congregational Church does not indicate, provide instruction, or describe any conditions under which the Deacons could remove any person from Membership;

25.   The Co-Chairpersons of the Board of Deacons did not, nor did any other Member of the Board of Deacons, provide the Plaintiff with any notice whatsoever as required by Article IX, Section 2, Subsection b (4) of the By-Laws of First Congregational Church of Guilford;

26.   The posting of the Post by the Defendants, Virginia Brasher-Cunningham and Stephen Dudley, was not within their respective authority or power under the By-Laws of First Congregational Church as the power to remove a Member exists solely in the province of the Board of Deacons, and by doing so the Defendants Virginia Brasher-Cunningham and Stephen Dudley committed fraud;

27.   The Defendants Sarah Beers and Jean Gresham failed, refused, and neglected to perform their respective duties and responsibilities as Co-Chairpersons of the Board of Deacons of First Congregational Church of Guilford by failing to control the Defendant Virginia Brasher-Cunningham, by allowing the Defendant Virginia Brasher-Cunningham to execute the Post thereby libeling, slandering, and defaming the Plaintiff;

28.  By allowing the Defendant, Virginia Brasher-Cunningham to decide, prepare, and execute the Post, the Defendants Sarah Beers and Jean Gresham violated the Plaintiff's Rights pursuant to the First and Fourteen Amendments to the Constitution of the United States, 28 USC 4101 of the Federal Code, Article First Section 3 of the Constitution of the State of Connecticut, and CGS 52-237 of the General Statutes of the State of Connecticut;

## FIFTH COUNT:

1.  Paragraphs 1 through 7, inclusive, of the First Count are hereby made Paragraphs 2 through 8, inclusive, of this the Fifth Count by this incorporation;

9.  The Post identifies First Congregational Church of Guilford as "First Congregational Church of Guilford, Inc";

10. First Congregational Church of Guilford is not a Corporation as First Congregational Church of Guilford has not and does not comply with the Corporate laws of the State of Connecticut as to the necessary statutory elements required of a Corporation as to business address, Mailing Address, Principals, Officers, Agent for Service, and Agent for Services Business and Home Address;

11. Accordingly, the Post is illegal and not enforceable by First Congregational Church of Guilford or the Guilford Police Department;

12. Therefore the Post by the Defendants Virginia Brasher-Cunningham and Stephen Dudley was decided, created, and executed by the Defendants Virginia Brasher-Cunningham and Stephen Dudley without authority of any entity and without the authorized vote of the Board of Deacons or the Members of First Congregational Church of Guilford which actions in all areas of the situation libeled, slandered, and

defamed the Plaintiff and have violated the Plaintiff's Rights under the First and

Fourteenth Amendment to the Constitution of the United States, 28 USC 4101 of the

Federal Code, Article First Section 3 of the Constitution of the State of Connecticut,

and CGS 52-237 of the General Statutes of the State of Connecticut.

## SIXTH COUNT:

1.  The Defendant, Virginia Brasher-Cunningham purports to be an Ordinated Minister
    of the United Church of Christ;

2.  The United Church of Christ is coordinated, managed and administered by the
    National Conference of the United Church of Christ and in Connecticut, by the
    Connecticut Conference of the United Church of Christ;

3.  The National Conference of the United Church of Christ and the Connecticut
    Conference of the United Church of Christ are vicariously responsible for the actions
    of the Defendant, Virginia Brasher-Cunningham;

4.  The Defendant Virginia Brasher-Cunningham in the Defendant Virginia Brasher-
    Cunningham's Official Capacity as a Minister of the United Church of Christ has
    libeled, slandered, and defamed the Plaintiff and has violated the Plaintiff's Rights
    under the First and Fourteenth Amendments to the Constitution of the United States,
    28 USC 4101 of the Federal Code, Article First Section 3 of the Constitution of the
    State of Connecticut, and CGS 52-237 of the General Statutes of the State of
    Connecticut and therefore through the actions of the Defendant Virginia Brasher-
    Cunningham the National Conference of the United Church of Christ and the
    Connecticut Conference of the United Church of Christ have libeled, slandered, and
    defamed the Plaintiff and violated the Plaintiff's Rights under the First and

Fourteenth Amendments to the Constitution of the United States, 28 USC 4101 of

the Federal Code, Article First Section 3 of the Constitution of the State of

Connecticut, and CGS 52-237 of the General Statutes of the State of Connecticut.

## SEVENTH COUNT:

1.  Paragraphs 1 through 4, inclusive, of the First Count are hereby made Paragraphs 2
    through 5, inclusive, of this the Seventh Count;

6.  The Defendant Debora M. Hess is a Member of First Congregational Church of
    Guilford;

7.  Paragraphs 7, 8, and 9, inclusive, of the First Count are hereby made Paragraphs 8, 9,
    and 10, inclusive, of this the Seventh Count;

11. From July24, 2015 through the date of this Complaint, the Defendant Debora M.
    Hess, has misrepresented facts, situations, and circumstances in regard to the Plaintiff
    and has manipulated the Members of First Congregational Church of Guilford, the
    Defendants Virginia Brasher-Cunningham Stephen Dudley, Sarah Beers, and Jean
    Gresham in order to convince the aforementioned Defendants to prevent and prohibit
    the Plaintiff from attending First Congregational Church of Guilford;

12. The Defendant Debora M. Hess' intention is to continue the physical abandonment
    and psychological abandonment that the Defendant Debora M. Hess imposed upon
    the Plaintiff while the Plaintiff was incarcerated;

13. The Defendant Debora M. Hess convinced the Defendants Virginia Brasher-
    Cunningham and Stephen Dudley to have First Congregational Church of Guilford
    also abandon the Plaintiff through the Posting thereby ending any worldly connection
    that the Plaintiff has after being released from incarceration;

14. As a result of the compulsive lies of the Defendant Debora M. Hess, the
Defendant Debora M. Hess has libeled, slandered, and defamed the Plaintiff and
violated the Plaintiff's Rights under the First and Fourteenth Amendments to the
Constitution of the United States, 28 USC 4101 of the Federal Code, Article First
Section 3 of the Constitution of the State of Connecticut, and CGS 52-237 of the
General Statutes of the State of Connecticut.

## EIGHTH COUNT:

1. Paragraph 7 of the First Count is hereby incorporated as Paragraph 2 of this the
Eighth Count:

2. There is no definition of "unacceptable behaviors" provided;

3. The Defendants Virginia Brasher-Cunningham and Stephen Dudley utilized an
self-defined definition of "unacceptable behaviors" without input from the
Defendants Sarah Beers and Jean Gresham, Co-Chairs of the Board of Deacons;

4. Paragraph 2 of the First Count is hereby incorporated as Paragraph 5 of this the
Eighth Count by this reference;

5. There was no consent of the Membership of First Congregational Church of
Guilford to the Post and therefore the Post was not in accordance with the By-
Laws of First Congregational Church of Guilford;

6. The Defendants Virginia Brasher-Cunningham and Stephen Dudley defined the
"unacceptable behaviors" with the intent to meet their own personal interests to
remove the Plaintiff from First Congregational Church of Guilford which was
libel, slander, and defamation and violated the Plaintiff's Rights under the First
and Fourteenth Amendments to the Constitution of the United States, 28 USC

4101 of the Federal Code, Article First Section 3 of the Constitution of the Constitution

of the State of Connecticut, and CGS 52-237 of the General Statutes of the State of

Connecticut;

## NINTH COUNT;

1.  The Motto of the United Church of Christ and First Congregational Church of Guilford is

    "No Matter Who You Are, Or Where You Have Been, You Are Welcome Here";

2.  Since the Plaintiff is not welcome at First Congregational Church of Guilford, the Motto

    is meaningless and the United Church of Christ and First Congregational Church of

    Guilford are hypocrites;

3.  Apparently, at First Congregational Church of Guilford the Defendants Virginia Brasher-

    Cunningham and Stephen Dudley have self-elected themselves without permission of the

    Members to determine who "You" is in the Motto;

4.  The Defendants Virginia Brasher Cunningham, Stephen Dudley, The National

    Conference of the United Church of Christ, The Connecticut Conference of the United

    Church of Christ, each and every individual Member of First Congregational Church of

    Guilford discriminated against the Plaintiff according to the Motto which resulted in

    violations of the Plaintiff's rights to practice the Plaintiff's religion, the right not to be

    interfered with while practicing the Plaintiff's religion, and the right to attend and pray to

    God at the Church of the Plaintiff's choosing all contrary to the Plaintiff's rights pursuant

    to the First and Fourteen Amendments to the Constitution of the United States, 28 USC

    4101 of the Federal Code, Article First Section 3 of the Constitution of the State of

    Connecticut, and CGS 52-237 of the General Statutes of the State of Connecticut;

**TENTH COUNT:**

1. In the Defendant Virginia Brasher-Cunningham's fevered rage to obtain revenge against the Plaintiff for the Plaintiff's filing of Complaints about the Defendant Virginia Brasher-Cunningham with the National Conference of the United Church of Christ and the Connecticut Conference of the United Church of Christ to have the Defendant Virginia Brasher-Cunningham removed as the Minister of First Congregational Church of Guilford and removed entirely from the United Church of Christ, the Defendant Virginia Brasher-Cunningham Posted, misrepresented and lied about the Plaintiff which Post, misrepresentations and lies were and are libel, slander, and defamation and are a violation of the Plaintiff's rights under the First and Fourteenth Amendments to the Constitution of the United States, Article First Section 3 of the Constitution of the State of Connecticut, 28 USC Section 4101 of the Federal Code, and CGS 52-237 of the General Statutes of the State of Connecticut;

2. The Defendant Virginia Brasher-Cunningham claimed that the Defendant Virginia Brasher-Cunningham did not trust the Plaintiff and that there was a group of people at First Congregational Church of Guilford who also did not trust the Plaintiff, however, when questioned, the Defendant Virginia Brasher-Cunningham could not present a reason for the Defendant Virginia Brasher-Cunningham's mistrust nor present any reason(s) for mistrust by any other person, and was again misrepresenting facts and presenting lies to the Plaintiff which were absolute libelous, slanderous, and defamatory and which were utilized by the Defendant Virginia Brasher-Cunningham against the Plaintiff in order to play a very sick and demented psychological game with the Plaintiff all of which was and is a violation of the Plaintiff's rights under the

First and Fourteenth Amendments to the Constitution of the United States, Article First Section 3 of the Constitution of the State of Connecticut, 28 USC Section 4101 of the Federal Code, and CGS 52-237 of the General Statutes of the State of Connecticut;

## ELEVENTH COUNT:

1. All of the Members of First Congregational Church of Guilford are Defendants by virtue of their being Members and having full control of the operations of First Congregational Church of Guilford who have failed, refused, and neglected to independently investigate the allegations against the Plaintiff by the Defendants, Debora M. Hess, Virginia Brasher-Cunningham, Stephen Dudley, and the negligence of Sarah Beers, and Jean Gresham All of which led to the Posting and all of which was and is libel, slander, and defamation and which was and is a violation of the Plaintiff's rights under the First and Fourteenth Amendments to the Constitution of the United States, Article First Section 3 of the Constitution of the State of Connecticut, 28 USC Section 4101 of the Federal Code, and CGS 52-237 of the General Statutes of the State of Connecticut;

2. By failing, refusing, and neglecting to independently investigate the allegations by the Defendants Debora M./Hess, Virginia Brasher-Cunningham, Stephen Dudley, Sarah Beers, and Jean Gresham, all of the Members of First Congregational Church of Guilford consented to the libel, slander, and defamation against the Plaintiff and consented to the violation of the Plaintiff's rights under the First and Fourteenth

Amendments to the Constitution of the United States, Article First Section 3 of the Constitution of the State of Connecticut, 28 USC Section 4101 of the Federal Code, and CGS 52-237 of the General Statutes of the State of Connecticut;

## TWELFTH COUNT:.

1. The Defendant Debora M. Hess has viciously lied and misrepresented facts about the Plaintiff, which has libeled, slandered, and defamed the Plaintiff in order to have the Plaintiff removed and barred from the Plaintiff's Church, First Congregational Church of Guilford, which would prevent the Plaintiff from exposing the liar that the Defendant Debora M. Hess really is and to disclose and inform the Congregation Members that on April 29, 2000 the Defendant Debora M. Hess lied in taking Marriage Vows in that the Defendant Debora M. Hess in Church attested to the fact that the Defendant Debora M. Thomas was taking the Marriage Vows of the Defendant Debora M. Hess' free will and without reservation when in a sworn and attested document filed in the Divorce action with the Plaintiff, the Defendant Debora M. Hess swore that the Marriage vows were not taken of free will and without reservation;

2. The lies, misrepresentations, and actions of the Defendant Debora M. Hess against the Plaintiff, were based on the desire to obtain revenge against the Plaintiff, were designed to harass the Plaintiff, and has caused and will continue to cause irreparable harm, emotional damage, and psychological distress to the Plaintiff all of which were and continue to be libel, slander, and defamation;

3. The lies, misrepresentations, and actions of the Defendant Debora M. Hess as indicated in paragraphs 1 and 2 are a clear and absolute violation of the Plaintiff's

rights under the First and Fourteenth Amendments to the Constitution of the United

States, Article First Section 3 of the Constitution of the State of Connecticut, 28 USC

Section 4101 of the Federal Code, and CGS 52-237 of the General Statutes of the

State of Connecticut;

## THIRTEENTH COUNT:

1. The Defendant Virginia Brasher-Cunningham is the Minister of First Congregational

   Church of Guilford and the Defendant Debora M. Hess is a Member of First

   Congregational Church of Guilford;

2. The Defendant Virginia Brasher-Cunningham and the Defendant Debora M. Hess

   intentionally and deceptively colluded in order to create a plan to prevent the Plaintiff

   from exercising the Plaintiff's right to pray to God in First Congregational Church of

   Guilford, the Plaintiff's Church for twenty (20) years;

3. Through the Defendant Virginia Brasher- Cunningham's and the Defendant Debora

   M. Hess' intentional and deceptive plan the Plaintiff was libeled, slandered, and

   defamed and the Plaintiff's rights were violated under the First and Fourteenth

   Amendments to the Constitution of the United States, Article First Section 3 of the

   Constitution of the State of Connecticut, 28 USC Section 4101 of the Federal Code,

   and CGS 52-237 of the General Statutes of the State of Connecticut;

## FOURTEENTH COUNT:

1. The Defendant Virginia Brasher-Cunningham has been a Minister at First

   Congregational Church of Guilford from July 2015;

2. The Plaintiff has been a Member of First Congregation Church of Guilford

since 1999;

3. Upon becoming Minister of First Congregational Church of Guilford, the Defendant Virginia Brasher-Cunningham became the Plaintiff's Minister and Spiritual Leader;

4. At the time the Defendant Virginia Brasher-Cunningham became the Plaintiff's Minister, the Plaintiff was incarcerated;

5. The Defendant Virginia Brasher-Cunningham never visited the Plaintiff when the Plaintiff was incarcerated although the Plaintiff informed the Defendant Debora M. Hess that the Plaintiff wanted the visits;

6. The Co-Minister of First Congregational Church of Guilford, Sarah Verasco, the Plaintiff's other Minister visited the Plaintiff once when the Plaintiff was initially incarcerated;

7. Sarah Verasco entered the visiting room, picked up the inmate intercom telephone and said to the Plaintiff "You are Evil", hung up the telephone and left;

8. The Defendant Virginia Brasher-Cunningham was strongly influenced by Sarah Verasco's opinion of the Plaintiff, adopted those opinions, and never took the time to meet with the Plaintiff to make an independent assessment of the Plaintiff;

9. Although the Plaintiff wrote to the Defendant Virginia for four (4) years for comfort through God, solace, Spiritual Guidance, and assistance in finding adequate housing upon the Plaintiff's release from incarceration, the Defendant Virginia Brasher-Cunningham never responded to the Plaintiff;

10. Subsequent to the Plaintiff's last Court Appearance the Plaintiff was informed that the Defendant Virginia Brasher-Cunningham had attended three (3) of the Plaintiff's Court Hearings;

11. The Plaintiff did not know the Defendant Virginia Brasher-Cunningham and the Defendant Virginia Brasher-Cunningham did not request to meet with the Plaintiff as the Plaintiff's Minister for an introduction;

12. At the final Hearing of the Plaintiff's case, the Defendant Virginia Brasher-Cunningham was in attendance solely to determine the outcome of the Plaintiff's case, however the Defendant Virginia Brasher-Cunningham did not request a meeting with the Plaintiff to lend Christian comfort and God's protection even though the Plaintiff was sentenced to 6 ½ years in prison;

13. Subsequently, the Defendant Debora M. Hess informed the Plaintiff that the Defendant Virginia Brasher-Cunningham was not in attendance at the Hearings to support the Plaintiff but for the singular purpose to report the outcome of each Hearing attended to the Defendant Debora M. Hess and although still married to the Plaintiff, the Defendant Debora M. Hess refused to attend the Hearings;

14. In November 2016 the Defendant Debora M. Hess initiated an action for the Dissolution of Marriage against the Plaintiff;

15. At each Court appearance, the Defendant Virginia Brasher-Cunningham was in attendance with the Defendant Debora M. Hess;

16. At each Court Hearing the Defendant Virginia Brasher-Cunningham, the Plaintiff's Minister intentionally ignored the Plaintiff;

17. As a result of the disrespect of the Defendant Virginia Brasher-Cunningham to the Plaintiff, the Plaintiff spoke to the Defendant Virginia Brasher-Cunningham and said that the Plaintiff was not done dealing with the UCC Conference;

18. All of the Defendant Virginia Brasher-Cunningham's actions identified in this Count

were purposely planned to deny and violate the Plaintiff's First and Fourteenth

Amendments to the Constitution of the United States, Article First Section 3 of the

Constitution of the State of Connecticut, 28 USC Section 4101 of the Federal Code,

and CGS 52-237 of the General Statutes of the State of Connecticut.

**FIFTEENTH COUNT:**

1. All of the Defendant Virginia Brasher-Cunningham's actions, speech, and writings

   identified in this action were intentionally meant and are absolute evidence that the

   Defendant Virginia Brasher-Cunningham has an absolute disdain for the Plaintiff and

   that the Defendant Virginia Brasher-Cunningham believes that the Plaintiff is simply

   a bad person and has reflected these personal reasons in the Post;

2. All of the Defendant Stephen Dudley's actions, speech, and writings were

   intentionally meant and are absolute evidence that the Defendant Stephen Dudley has

   an absolute disdain for the Plaintiff and that the Defendant Stephen Dudley believes

   that the Plaintiff is simply a bad person and has reflected these personal reasons in the

   Post;

3. All of the Defendant Debora M. Hess actions, speech, and writings were

   intentionally meant and are absolute evidence that the Defendant Debora M. Hess has

   an absolute disdain for the Plaintiff and that the Defendant Debora M. Hess believes

   that the Plaintiff is simply a bad person and has reflected the personal reasons in

   conversations, meetings, and associations with the Defendants Virginia Brasher –

   Cunningham, Stephen Dudley, and all of the Members of the First Congregational

   Church of Guilford in order to obtain the Post against the Plaintiff;

4. All of the allegations in this Fifteenth Count are absolute truth that the Defendants

Virginia Brasher-Cunningham, Stephen Dudley, and Debora M. Hess libeled, slandered, and defamed the Plaintiff and violated the Plaintiff's First and Fourteenth Amendments to the Constitution of the United States, Article First Section 3 of the Constitution of the State of Connecticut, 28 USC 4101 of the Federal Code, and CGS 52-237 of the General Statutes of the State of Connecticut.

## SIXTEENTH COUNT:

1. On August 13, 2018, the Plaintiff was released from incarceration having been incarcerated for Practicing Law Without A License;

2. While incarcerated, the Defendant Debora M. Hess selfishly utilized the Plaintiff's incarceration to play the role of martyr to obtain the attention and the sympathy of the Ministers, Boards, Committees, and all of the Members of First Congregational Church of Guilford;

3. The Defendant Debora M. Hess played on the emotions of the Defendant Virginia Brasher-Cunningham and convinced the Defendant Virginia Brasher-Cunningham that the Defendant Debora M. Hess needed protection, care and security;

4. As a result of this convincing by the Debora M. Hess, the Defendant Virginia Brasher- Cunningham disregarded the Ordination Oath, Oath to God, and Oath to First Congregational Church of Guilford and became totally unnaturally enamored with the Defendant Debora M. Hess to the total exclusion of the Plaintiff, the Plaintiff's Spiritual needs, and the Plaintiff's Christian needs;

5. The Defendant Virginia Brasher-Cunningham subsequently to becoming unnaturally close to the Defendant Debora M. Hess, the Defendant Virginia Brasher-Cunningham collectively agreed with the Defendant Debora M. Hess to make the Posting to insure

that the Plaintiff would never enter the Plaintiff's Church again;

6.  The actions of the Defendant Virginia Brasher-Cunningham in processing the
    Posting against the Plaintiff and the Defendant Debora M. Hess insisting that the
    Defendant Virginia Brasher-Cunningham create the Posting against the Plaintiff were
    libel, slander, and defamation and violated the Plaintiff's First and Fourteenth
    Amendments to the Constitution of the United States, Article First Section 3 of the
    Constitution of the State of Connecticut, 28 USC 4101 of the Federal Code, and
    CGS 52-237 of the General Statutes of the State of Connecticut.

## SEVENTEENTH COUNT:

1.  At the beginning of a Sunday Service at First Congregational Church of Guilford
    when the Defendant Virginia Brasher-Cunningham is Ministering, the Defendant
    Virginia Brasher-Cunningham verbally announces "No Matter Who You Are Or
    Where You Have Been You Are Welcome Here" which is the Motto of First
    Congregational Church of Guilford and the United Church of Christ;

2.  By verbalizing this Motto, the Defendant Virginia Brasher-Cunningham was and is
    representing the Defendants Virginia Brasher-Cunningham, Stephen Dudley, Debora
    M. Hess, First Congregational Church of Guilford, all of the Members of First
    Congregational Church of Guilford, the United Church of Christ, the National
    Conference of the United Church of Christ, and the Connecticut Conference of the
    United Church of Christ;

3.  By not welcoming the Plaintiff in accordance with the Motto the Defendants Virginia
    Brasher-Cunningham, Stephen Dudley, Debora M. Hess, First Congregational Church
    of Guilford, all of the Members of First Congregational Church of Guilford, the

United Church of Christ, the National Conference of the United Church of Christ, and the Connecticut Conference of the United Church of Christ have shown that the Motto is simply false and fraudulent;

4. By verbalizing the Motto, the Defendant Virginia Brasher-Cunningham is lying and misrepresenting the truth, which voids the Motto of the United Church of Christ, and while speaking on behalf of First Congregational Church of Guilford and all of the Members of First Congregational Church of Guilford, the Defendant Virginia Brasher-Cunningham is committing fraud.

## EIGHTEENTH COUNT:

1. As a result of the Plaintiff having been incarcerated, the Defendants Virginia Brasher-Cunningham, Stephen Dudley, Debora M. Hess, and all of the Members of First Congregational Church of Guilford have discriminated against the Plaintiff in not welcoming the Plaintiff back to First Congregational Church of Guilford in accordance with the United Church of Christ Motto;

2. The hatred and discrimination that the Defendant Virginia Brasher-Cunningham and the Defendant Debora M. Hess have against the Plaintiff has been made into a public Notice to the world by the Posting;

3. The hatred, repugnance, and discrimination by all of the named Defendants, especially the Defendants Virginia Brasher-Cunningham, Stephen Dudley and Debora M. Hess having been expressed to the World by the Posting which indicated that the Plaintiff was not welcome at First Congregational Church of Guilford was and is libel, slander, and defamation against the Plaintiff and as a supposed

Christian Church family have violated the Plaintiff's First and Fourteenth
Amendments to the Constitution of the United States, Article First Section 3 of the
Constitution of the State of Connecticut, 28 USC 4101 of the Federal Code, and CGS
52-237 of the General Statutes of the State of Connecticut.

4. The discrimination against the Plaintiff of the Defendants Virginia Brasher-
Cunningham, Stephen Dudley, and Debora M. Hess for having been incarcerated is
non-Christian and is therefore not only a Church related hatred and discrimination but
a personal and independent hatred and discrimination and by choosing to Post against
the Plaintiff the Defendants Virginia Brasher-Cunningham, Stephen Dudley, and
Debora M. Hess are acting for themselves and not First Congregational Church of
Guilford;

5. By discriminating against the Plaintiff all of the Defendants, especially
the Defendant Virginia Brasher-Cunningham, the Defendant Stephen Dudley, the
Defendant Debora M. Hess, and all of the Members of First Congregational Church
of Guilford have libeled, slandered, and defamed the Plaintiff and have violated the
rights of the Plaintiff pursuant to the First and Fourteenth Amendments to the
Constitution of the United States, Article First Section 3 of the Constitution of the
State of Connecticut, 28 USC 4101 of the Federal Code, and CGS 52-237 of the
General Statutes of the State of Connecticut.

## NINETEETH COUNT:

1. From the date of the Plaintiff's incarceration, the Defendant Debora M. Hess has
planned, schemed, and convinced others not to allow the Plaintiff in any place that the

Defendant Debora M. Hess will be caused to view the Plaintiff;

2. The Defendant Debora M. Hess is the proximate cause of the Plaintiff being rejected by First Congregational Church of Guilford for the reason that the Defendant Debora M. Hess does not want to view the Plaintiff at Church Services;

3. The result of the Defendant Debora M. Hess' actions are that the Defendant Debora M. Hess has libeled, slandered, and defamed the Plaintiff and has violated the rights of the Plaintiff pursuant to the First and Fourteenth Amendments to the Constitution of the United States, Article First Section 3 of the Constitution of the State of Connecticut, 28 USC 4101 of the Federal Code, and CGS 52-237 of the General Statutes of the State of Connecticut.

**TWENTIETH COUNT:**

1. Prior to the Marriage of the Plaintiff and Defendant Debora M. Hess, the Defendant Debora M. Hess was married to Lawrence H. Hennessy;

2. The marriage of the Defendant Debora M. Hess and Lawrence H. Hennessy collapsed as a result of the adultery of Lawrence H, Hennessy;

3. The Defendant Debora M. Hess was still in love with Lawrence H. Hennessy at the time of their divorce;

4. The Defendant Debora M. Hess carried this love forward into the Defendant Debora M. Hess' marriage to the Plaintiff;

5. This love was evident by the fact that the Defendant Debora M. Hess admitted to the Plaintiff that the Defendant Debora M. Hess did not take the Marriage Vows to the Plaintiff with free will and without reservation;

6. The Defendant Debora M. Hess does not want to view the Plaintiff because of the guilt that the Defendant harbors for the pain Debora M. Hess imposed upon the Plaintiff throughout the Marriage of the Plaintiff and the Defendant Debora M. Hess by still being in love with Lawrence H. Hennessy;

7. As a way to ease the guilt, the Defendant Debora M. Hess purposely manipulated the Defendants Virginia Brasher-Cunningham and Stephen Dudley to issue a Posting against the Plaintiff so that the Defendant Debora M. Hess would not have to view the Plaintiff at First Congregational Church of Guilford, the last possible place that the Plaintiff and the Defendant Debora M. Hess would be in the same building;

8. The actions of the Defendant Debora M. Hess are libel, slander, and defamation and violated the Plaintiff's First and Fourteenth Amendment to the Constitution of the United States, Article First Section 3 of the Constitution of the State of Connecticut, 28 USC 4101 of the Federal Code, and CGS 52-237 of the General Statutes of the State of Connecticut.

**TWENTY-FIRST COUNT:**

1. First Congregational Church of Guilford is owned by its Members:

2. The Defendant Virginia Brasher-Cunningham is an employee of the Members of First Congregational Church of Guilford;

3. The Defendants Stephen Dudley, Sarah Beers, and Jean Gresham maintain a Board or Committee position and as such are responsible to the Members of First Congregational Church of Guilford;

4. Accordingly, the Members of First Congregational Church of Guilford are individually and collectively vicariously liable for the acts of the Defendants Virginia

Brasher-Cunningham, Stephen Dudley, Sarah Beers, and Jean Gresham.

## THE PLAINTIFF CLAIMS A TRIAL BY JURY

## THE PLAINTIFF CLAIMS:

1. Monetary Damages in the amount of $2.5 million;

2. Compensatory Damages;

3. Treble Damages;

4. An Order terminating the Defendant Virginia Brasher-Cunningham from the position of Minister of First Congregational Church of Guilford;

5. An Order terminating the Defendant Virginia Brasher-Cunningham as a Minister of the United Church of Christ;

6. An Order Removing the Posting against the Plaintiff;

7. An Order requiring that a written apology to the Plaintiff, David Robert Thomas, be contained within "The Landmark" and the Church Sunday Bulletin both signed by the Defendants Virginia Brasher-Cunningham and Stephen Dudley and written by the Plaintiff David Robert Thomas;

8. Costs of this action;

9. An amount payable to the Plaintiff in an amount equivalent to Attorney's Fees normally awarded to the prevailing party in an action similar to this action;

Dated at New Haven, Connecticut, this 14th day of May, 2019

THE PLAINTIFF

David Robert Thomas
Mailing Address:
690 Howard Avenue
New Haven, CT 06519
475-238-3902
**drthvd2013@yahoo.com**

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

# LIST OF DEFENDANTS

# THOMAS VS. BRASHER-CUNNINGHAM, ETAL

Virginia Brasher-Cunningham
c/o First Congregational Church of Guilford
122 Broad Street
Guilford, CT 06437

Stephen Dudley
c/o First Congregational Church of Guilford
122 Broad Street
Guilford, CT 06437

Debora M. Hess
265 Durham Road
Madison, CT 06443

Sarah Beers
c/o First Congregational Church of Guilford
122 Broad Street
Guilford, CT 06437

Jean Gresham
c/o First Congregational Church of Guilford
122 Broad Street
Guilford, CT 06437

First Congregational Church of Guilford
122 Broad Street
Guilford, CT 06437

The National Conference of the United Church of Christ
Attention: John C. Dorhauer
General Minister and President
700 Prospect Street
Cleveland, Ohio 44115

Page 2

The Connecticut Conference of the United Church of Christ
Attention: Kent Siladi
Conference Minister
125 Sherman Avenue
Hartford, CT 06105

The Members of the First Congregational Church of Guilford
122 Broad Street
Guilford, CT 06437

The Police Department of the Town of Guilford, Connecticut
Attention: Jeffrey C. Hutchinson
400 Church Street
Guilford, CT 06437